**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pasquale Labate, | No. CV12-0421-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| George W. Bush, et al., | |
| Defendants. | |

Defendant Planned Parenthood Arizona, Inc. ("Planned Parenthood") has filed a motion to dismiss pursuant to Rules 8(a), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 14. Defendant Planned Parenthood Federation of America, Inc. ("PPFA") joins in Planned Parenthood's motion to dismiss. Doc. 40. Defendant Jennifer Sandman has filed a motion to dismiss based on lack of personal jurisdiction and also joins in Planned Parenthood's motion to dismiss. Doc. 41. Plaintiff Pasquale Labate has responded to Planned Parenthood and PPFA's motions by asking the Court to quash the motions, strike the motions, and impose sanctions. Docs. 80, 81. In addition, Plaintiff has filed a separate motion to quash Planned Parenthood's motion to dismiss. Doc. 17. Planned Parenthood has filed a response to the motion to quash. Doc. 19.

Defendants Thomas J. Olmsted and John Ehrich have filed a motion to dismiss pursuant to Rule 12(b)(1), or, in the alternative, Rule 12(b)(6). Doc. 20. Plaintiff has responded with a motion to quash (Doc. 32) and a motion for sanctions (Doc. 33). Defendants Olmsted and Ehrich have filed a response to the motion to quash and the

motion for sanctions, and a reply in support of their motion to dismiss. Doc. 64.

Defendant Thomas C. Horne has filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). Doc. 62. Plaintiff asks the Court to strike the motion and impose sanctions. Doc. 70.

Plaintiff also moves for leave to amend the complaint to add additional defendants. Doc. 63. Plaintiff moves for leave to amend the complaint to name the correct party as defendant. Doc. 69. Defendant Horne opposes these motions to amend. Doc. 73.

Plaintiff has filed a motion for a preliminary injunction. Doc. 27. Defendant Planned Parenthood has responded to the motion. Doc. 30.

Finally, Plaintiff has filed a motion to "permanently remove the pre-trial management conference," which the Court construes as a motion to vacate. Doc. 92.

For the reasons that follow, the Court will grant Planned Parenthood's motion to dismiss (Doc. 14), grant PPFA's joinder in Planned Parenthood's motion to dismiss (Doc. 40), grant Ms. Sandman's motion to dismiss (Doc. 41), and grant the remaining motions to dismiss (Docs. 20, 62). The Court will deny Plaintiff's motions to quash (Docs. 17, 32), motion for sanctions (Doc. 33), motion to strike (Doc. 70), motion for preliminary injunction (Doc. 27), and motions for leave to amend (Docs. 63, 69).

**I.   Background.**

Plaintiff's complaint is based on his objections to same-sex marriage, abortion, and capital punishment. *See* Doc. 1. Plaintiff alleges that former President George W. Bush wrote a letter to Plaintiff agreeing that "marriage is a sacred union between a man and a woman" and affirming his commitment "to doing what is legally necessary to defend the sanctity of marriage." Doc. 1, at 4-5, ¶ 11. Plaintiff claims that former President Bush must return to the White House and sign into law a ban against same-sex marriage. *Id.* at 5, ¶ 13.

Plaintiff claims that President Barack Obama must appear in the United States District Court for the District of Arizona and sign into law that same-sex marriage is

permanently banned.  *Id.* at 6, ¶ 1.  Plaintiff also claims that President Obama must ban abortion.  *Id.* at 6, ¶ 4.

Plaintiff sues the PPFA "by Jennifer Sandman."  *Id.* at 8, ¶ 18.  Plaintiff claims that Ms. Sandman is engaging in a crime by attempting to legalize abortion.  *Id.*

Plaintiff sues Planned Parenthood because they represent women who undergo abortions.  *Id.* at 8, ¶ 20.

Plaintiff sues Arizona Attorney General Thomas C. Horne, claiming that he must withdraw a motion filed with the Arizona Supreme Court "to ex[ecute] the [k]illers."  *Id.* at 9, ¶ 1.  Plaintiff has not identified the specific motion at issue.  He argues that the State of Arizona must ban executions and that Arizona Governor Jan Brewer must sign a law that permanently bans executions.  *Id.* at 9, ¶ 2.

Plaintiff also claims to sue the State of Arizona, although he has not named the State as a defendant.  *Id.* at 9, ¶ 3.  He claims that Governor Brewer must sign a law that bans same-sex marriage.  *Id.* at 10, ¶ 4.  Plaintiff explains that he seeks to sue the State of Arizona and the entire world, because most people on earth are committing violations against the will of the Lord God.  *Id.* at 10, ¶ 22.  Plaintiff therefore challenges the Arizona constitution, the Privacy Act, and the right to choose.  *Id.* at 10-11, ¶ 3.

Plaintiff sues Defendant Chris Gregoire as "Governor of Olympia, Washington DC 98504."  *Id.* at 12, ¶ 1.  Plaintiff alleges that Governor Gregoire recently signed a law permitting same-sex marriage.  *Id.*  Plaintiff asks Governor Gregoire to step down as governor and to stop making false law.  *Id.* at 12, ¶ 4.

Plaintiff sues Bishop Thomas Olmsted.  Plaintiff alleges that despite several phone calls, Bishop Olmsted did not believe Plaintiff's assertion that the Lord God did appear to Plaintiff.  *Id.* at 13, ¶ 2.  Plaintiff claims that Bishop Olmsted blocked Plaintiff's ability to deliver the Lord God's message to the people.  *Id.* at 13, ¶ 3.

Plaintiff sues Pastor John D. Ehrich of the Saint Thomas Catholic Church.  *Id.* at 14.  Plaintiff alleges that he met with Pastor Ehrich and asked to deliver a message from the Lord God to the parish.  *Id.* at 14, ¶ 1.  Pastor Ehrich denied this request because

Plaintiff did not call him "Father."  *Id.* at 14, ¶ 2.  Plaintiff claims that Pastor Ehrich must prove how Plaintiff became his son.  *Id.* at 14, ¶ 3.

## II.     Defendants' Motions to Dismiss.

### A.     Planned Parenthood's Motion to Dismiss.

Planned Parenthood moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6).  Doc. 14.  PPFA and Defendant Sandman join the motion.  Docs. 40, 41.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) can be either a facial or factual attack on the allegations.  *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  A facial attack occurs when the moving party asserts that the allegations contained in the complaint are "insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a factual attack, the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*  If the attack on jurisdiction is facial, the complaint's factual allegations are taken as true and construed in favor of the non-moving party.  *Jacobson v. Katzer*, 609 F. Supp. 2d 925, 930 (N.D. Cal. 2009) (citing *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996)).  If the attack is factual, the plaintiff's allegations are not entitled to a presumption of truthfulness, a court may look beyond the pleadings to resolve factual disputes, and the plaintiff has the burden of proving that jurisdiction exists.  *Safe Air for Everyone*, 373 F.3d at 1039.

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).  To avoid a Rule 12(b)(6) dismissal, the

complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court may not assume that the plaintiff can prove facts different from those alleged in the complaint. *See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

Plaintiff's complaint does not provide any jurisdictional basis. It does not comply with the Rule 8 requirement of "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). The complaint makes clear Plaintiff's views on same-sex marriage, abortion, and capital punishment, but does not allege any causes of action or cognizable legal theories. The complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is therefore appropriate under Rules 12(b)(1) and 12(b)(6).

Plaintiff responds to Planned Parenthood's motion to dismiss by asking the Court to strike the motion and to issue sanctions against Jennifer Sandman, allegedly the president or manager of PPFA, and Lawrence J. Rosenfeld and Daniel B. Pasternak, attorneys for Planned Parenthood. Doc. 80, at 2; Doc. 81, at 2. Plaintiff has also filed a "motion to quash" the motion to dismiss. Doc. 17. Planned Parenthood has filed a response. Doc. 19. The Court construes the motion to quash as a response in opposition to Planned Parenthood's motion to dismiss. Plaintiff claims that "[t]his legal action is one of a kind, since the b[eginning] of time and maybe the l[a]st to the end of time," and that as "the servant of the Lord God" he "does not h[a]ve to establish this Court's jurisdiction over the subject matter of the complaint." Doc. 17, at 2, ¶¶ 4, 5. Plaintiff further claims that the complaint is not his complaint, but rather the Lord God's

complaint, and that the Lord God gives the Court "all the jurisdiction [it] needs." *Id.* at ¶ 6. While the Court respects Plaintiff's strongly held religious beliefs, and fully acknowledges Plaintiff's right to hold those beliefs, this Court's jurisdiction is set by Congress and its procedural practices are dictated by the Federal Rules of Civil Procedure. Plaintiff's responsive briefs (Docs. 17, 80, 81) provide no basis for concluding that the Court has subject matter jurisdiction over Plaintiff's claims or that those claims comply with the Federal Rules of Civil Procedure.

To the extent that Plaintiff's motion to quash (Doc. 17) can be construed as a motion to strike Planned Parenthood's motion to dismiss, the motion fails to meet the standard for relief under Rule 12(f). That rule allows the Court, in its discretion, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff has not shown that Planned Parenthood's motion to dismiss satisfies any of these requirements.

The Court will grant Planned Parenthood's motion to dismiss (Doc. 14), and will deny Plaintiff's motion to quash (Doc. 17).

### B.     Defendant Sandman's Motion to Dismiss.

It is unclear whether Jennifer Sandman has been named as a defendant in this case. The complaint names PPFA "by Jennifer Sandman." Doc. 1, at 2. It appears that Plaintiff's claims are against PPFA in its capacity as a corporate entity, and not against Sandman in her individual or personal capacity. Ms. Sandman appears for the limited purpose of moving to dismiss Plaintiff's claims against her, to the extent such claims are in fact alleged, based on lack of personal jurisdiction. Doc. 41.

Because the Court is resolving the motion to dismiss without holding an evidentiary hearing, Plaintiff "need only make a prima facie showing of jurisdictional facts to withstand the motion." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995); *see Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1258 (9th Cir. 1989). The Court may assert either general or specific jurisdiction over a nonresident defendant.

The Court may assert general jurisdiction over a defendant if her activities in the

forum state are substantial or continuous and systematic, even if Plaintiff's claims are unrelated to those activities. *See Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986). Ms. Sandman has been a New York resident since 1999. Doc. 41-1, ¶ 3. She has never lived or worked in Arizona. *Id.* at ¶¶ 4-5. She has never owned, leased, rented, or controlled real property, personal property, or assets in Arizona, and has never owned a business, held any professional licenses, bank accounts, agents, employees, offices, telephone listings, or mailing addresses in Arizona. *Id.* at ¶¶ 6-14. She has only been to Arizona a total of three times, twice in her capacity as an employee of PPFA for the purposes of attending state court proceedings in litigation brought by Planned Parenthood, and the third time for personal vacation. *Id.* at ¶¶ 22-23. Ms. Sandman clearly lacks the contact level necessary to establish general jurisdiction.

For specific jurisdiction, the Ninth Circuit applies a three-part test. Specific personal jurisdiction exists if (1) the defendant purposefully availed herself of the privileges of conducting activities in the forum, (2) the claims arise out of or result from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1085 (9th Cir. 2000); *Brainerd*, 873 F.2d at 1259. Plaintiff bears the burden of establishing personal jurisdiction. *See, e.g.*, *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995). Plaintiff has not alleged that Ms. Sandman conducted activities in Arizona that would constitute purposeful availment. An employee's contacts with a state are not to be judged according to their employer's activities. *Calder v. Jones*, 465 U.S. 783, 790 (1984). Rather, each defendant's contacts with the forum state must be assessed individually. *Id.* Plaintiff cannot satisfy the first element required for specific personal jurisdiction. Nor can Plaintiff show that his claims arise out of or result from Ms. Sandman's forum-related activities. Ms. Sandman is an attorney and has never provided any abortion or abortion-related services in Arizona or elsewhere; her activities are limited solely to representing PPFA affiliates in legal matters. Doc. 41-1, at ¶ 22. Plaintiff cannot establish that his claims, to the extent they are alleged against Ms. Sandman personally,

arose out of or relate to her conduct in Arizona in her individual, personal capacity. The Court will grant Ms. Sandman's motion to dismiss for lack of personal jurisdiction.

### C. Remaining Motions to Dismiss.

Bishop Olmsted, Reverend Ehrich, and Arizona Attorney General Horne have also filed motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). Docs. 20, 62. Plaintiff has responded by moving to quash the motions and moving for sanctions against John C. Kelly, attorney for Bishop Olmsted and Reverend Ehrich. Docs. 32, 33. Plaintiff has responded to Arizona Attorney General Horne's motion to dismiss by moving to strike the motion and moving for sanctions against the State of Arizona. Doc. 70.

These motions to dismiss make the same arguments as Planned Parenthood's motion to dismiss – that the Court lacks subject matter jurisdiction over Plaintiff's claims. The Court will grant these motions for the same reasons it is granting Planned Parenthood's motion.

## III. Plaintiff's Motion for Preliminary Injunction.

Plaintiff has filed a motion for a preliminary injunction. Doc. 27. He seeks to enjoin PPFA from providing abortion services, including supplying birth control and contraceptive medication; to enjoin any state supreme court from executions; and to enjoin any court or "law person" in the country from marrying a same-sex couple. Doc. 27, at 4. Planned Parenthood has filed a response. Doc. 30.

To obtain a preliminary injunction, a plaintiff must show that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). The test includes a sliding scale. If the plaintiff shows that the balance of hardships will tip sharply in his favor, he need not make as strong a showing of the likelihood of success on the merits – the existence of serious questions will suffice. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

Plaintiff has not shown that he is likely to prevail on the merits, nor that he has

raised serious questions. As noted, Plaintiff has provided no basis for the Court to conclude that it has subject matter jurisdiction over his claims. The Court accordingly will deny the motion for a preliminary injunction.

**IV.     Leave to Amend.**

Plaintiff has filed a motion for leave to amend the complaint to add employees of the State of Arizona as additional defendants. Doc. 63. Plaintiff has also filed a motion for leave to amend the complaint to name the correct party, explaining that he intended to name the State of Arizona as a defendant rather than Arizona Attorney General Horne. Doc. 69. Attorney General Horne opposes the motion for leave to amend. Doc. 73.

The Supreme Court "'has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (quoting *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)). "Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" *Id.* (citations omitted). The Court will deny Plaintiff's motion for leave to amend to name the State of Arizona as a party. Doc. 69. Such an amendment would be futile in light of the State of Arizona's Eleventh Amendment sovereign immunity. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied as futile); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming denial of leave where the complaint could not be saved by any amendment).

In the Ninth Circuit, pro se litigants are entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). This is one of the rare cases where it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. The claims Plaintiff seeks to bring – stopping abortions, executions, and same-sex marriages because they are

against the will of God – simply are not cognizable in a United States District Court. Plaintiff therefore will not be granted leave to amend.

### V.     Case Management Conference.

A Rule 16 conference is currently scheduled for Thursday, May 24, at 4:00 pm. Plaintiff has filed a motion to "permanently remove the pre-trial management conference," which the Court construes as a motion to vacate. Doc. 92. Plaintiff argues that the lawsuit is non-negotiable and that all parties must be present at the time of trial. Doc. 92, at 1. The Court will deny the motion to vacate, but will vacate the conference in any event because of the dismissal of this case.

**IT IS ORDERED:**

1. Defendant Planned Parenthood Arizona, Inc.'s motion to dismiss (Doc. 14) is **granted**.
2. Defendant Planned Parenthood Federation of America, Inc.'s joinder in Planned Parenthood Arizona, Inc.'s motion to dismiss (Doc. 40) is **granted**.
3. Defendant Jennifer Sandman's motion to dismiss (Doc. 41) is **granted**.
4. Defendants Thomas J. Olmsted and John Ehrich's motion to dismiss (Doc. 20) is **granted**.
5. Defendant Thomas C. Horne's motion to dismiss (Doc. 62) is **granted**.
6. Plaintiff's motion to quash Defendant Planned Parenthood Arizona, Inc.'s motion to dismiss (Doc. 17) is **denied**.
7. Plaintiff's motion to quash Defendants Olmsted and Ehrich's motion to dismiss (Doc. 32), Plaintiff's motion for sanctions (Doc. 33), and Plaintiff's motion to strike Defendant Horne's motion to dismiss (Doc. 70) are **denied**.
8. Plaintiff's motion for preliminary injunction (Doc. 27) is **denied**.
9. Plaintiff's motion for leave to amend to name the correct party (Doc. 69) is **denied**.
10. Plaintiff's motion for leave to amend to add additional defendants (Doc. 63)

1           is **denied.**

2    11.    Plaintiff's motion to vacate (Doc. 92) is **denied**.

3    12.    The Clerk is directed to terminate this action.

Dated this 17th day of May, 2012.

*David G. Campbell* (signature)

David G. Campbell
United States District Judge